IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RODERICK ST. JULIAN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION H-11-3441 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, a state inmate proceeding *pro se*, filed this section 2254 habeas petition challenging his 2008 conviction for possession of a controlled substance. Respondent filed a motion to dismiss based on failure to exhaust (Docket Entry No. 10). Despite expiration of a reasonable period of time in excess of forty days, petitioner has failed to respond, or request additional time to respond, to the motion to dismiss.

Based on consideration of the pleadings, the motion, the record, and the applicable law, the Court GRANTS the motion to dismiss and DISMISSES this case for the reasons shown below.

*Procedural Background and Claims*

Petitioner was convicted of possession of a controlled substance (cocaine) and sentenced to five years incarceration. The conviction was affirmed on appeal, and discretionary review was refused. *St. Julian v. State*, No. 14-08-00697-CR (Tex. App. – Houston [14th Dist.] 2010, pet. ref'd). Petitioner did not pursue state habeas relief.

In the instant federal petition, petitioner claims that the trial court's denial of his pretrial suppression motion violated his fourth amendment rights. He also raises a claim for prosecutorial vindictiveness. Respondent argues that the petition should be dismissed as a mixed petition, as petitioner failed to include the vindictiveness claim in his petition for discretionary review and did not raise it in a state habeas proceeding. Petitioner has not responded to respondent's arguments and does not contest the motion to dismiss.

*Analysis*

In the first two of his three habeas grounds, petitioner claims that the trial court's denial of his pretrial motion to suppress violated his fourth amendment rights because police officers unlawfully detained him without reasonable suspicion.

In rejecting these issues on appeal, the intermediary appellate court held as follows:

> After the trial court denied his motion to suppress, appellant, Roderick Earl St. Julian, pleaded guilty to state-jail felony possession of a controlled substance and pleaded true to two prior state-jail felony convictions. In three issues, appellant argues the trial court erred by denying his motion to suppress and that he was denied due process because of prosecutorial vindictiveness. Because the dispositive issues are clearly settled in law, we issue this memorandum opinion and affirm.
>
> \*   \*   \*   \*
>
> In his first issue, appellant contends the trial court erred in finding he was not detained by Officers Slater and Teweleit when they pulled behind his vehicle. In his second issue, appellant contends his detention was illegal because the officers did not have reasonable suspicion.
> We review the trial court's ruling on a motion to suppress under an abuse-of-discretion standard. We view the evidence adduced at a suppression hearing in the light most favorable to the trial court's ruling. We give almost total deference to a trial court's express or implied determination of historical

2

facts and review de novo the court's application of the law of search and seizure to those facts.

A warrantless traffic stop must be justified by reasonable suspicion. In other words, the officer making the stop must possess specific, articulable facts that, taken together with rational inferences from those facts, lead him to conclude the person detained is, has been, or soon will be engaged in criminal activity. This objective standard disregards any subjective intent of the officer making the stop and looks solely to whether an objective basis for the stops exists. A reasonable-suspicion determination is made by considering the totality of the circumstances. An officer's suspicion of an alleged traffic violation cannot be based on a mistaken understanding of traffic laws. The burden to demonstrate reasonable suspicion is on the State. We review questions of reasonable suspicion de novo.

In arguing his detention was unlawful, appellant relies on three cases. These cases are not useful in our analysis because the 'as consistent with innocent activity as with criminal activity' standard has been expressly replaced by the 'totality of the circumstances' standard. Appellant also relies on [case], in which the Court of Criminal Appeals held a sufficient basis for detention did not exist where the principal fact relied upon by the detaining officers was that individuals were in a parked vehicle in a well-lit parking lot early in the morning.

Here, the officers observed more than the behavior of individuals sitting in a parked car after nightfall. They believed appellant was acting suspiciously because, while on 'zero tolerance' patrol for motor vehicle burglaries, they observed him drive in reverse without activated headlights into the rear parking lot by a closed repair shop and pull next to an unoccupied eighteen wheeler. While appellant focuses on the officers' inability to cite a traffic regulation he violated, these specific, articulable facts support a reasonable suspicion that appellant was engaging in some activity out of the ordinary that could be related to a crime—specifically, burglary of a motor vehicle. Accordingly, an objective basis supported the officers' reasonable suspicion to temporarily detain appellant.

The trial court denied appellant's motion to suppress because it found appellant was not detained at the time he dropped the cocaine and crack pipe. However, we sustain the lower court's ruling if it is reasonably supported by the record and is correct on any theory of law applicable to the case. Here, the

> trial court's denial of appellant's motion to suppress can be upheld on the theory that appellant was detained before he dropped the cocaine and crack pipe, but the officers had reasonable suspicion for detaining him. This theory is supported by the undisputed evidence of the officers' observations, and the trial court expressly found the officers to be credible.
>
> We sustain the trial court's denial of appellant's motion to suppress because the cocaine and crack pipe possessed by appellant were seized pursuant to a legal detention. Thus, we need not consider appellant's first issue in which he contends the trial court erred in finding no detention occurred. We overrule appellant's first and second issues.

*St. Julian*, at *2–3 (citations omitted).

The Supreme Court held in *Stone v. Powell*, 428 U.S. 465, 494 (1976), that where a defendant has a full and fair opportunity to litigate fourth amendment claims in state court, he may not be granted federal habeas relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial. In this case, it is clear that petitioner had a full and fair opportunity to litigate his fourth amendment claims in state court. He filed a motion to suppress in the trial court, which the trial court set for hearing, heard evidence, and ultimately denied, and he appealed the denial of the motion to suppress to the state court of appeals. Because petitioner plainly had a full and fair opportunity to litigate his fourth amendment claims concerning the allegedly unlawful detention in the state trial and appellate courts, his claim for federal habeas relief on this ground is barred by the doctrine of *Stone v. Powell*, and no cognizable federal habeas claim is raised by petitioner's first two habeas grounds. These two grounds are DISMISSED WITH PREJUDICE for failure to state a cognizable federal habeas ground for relief.

In his third habeas ground, petitioner claims that he was denied due process because his prosecution was based in prosecutorial vindictiveness. In its analysis of this issue on direct appeal, the Fourteenth Court of Appeals held as follows:

> In his third issue, appellant contends he was denied due process because of prosecutorial vindictiveness. Both appellant's and [co-defendant's] cases were assigned to the same trial court and prosecutor. According to appellant, [his co-defendant] was granted a sentence reduction pursuant to section 12.44(a) of the Texas Penal Code. Appellant avers that the same prosecutor told him sentence reductions were not offered by the trial court. Appellant apparently contends the prosecutor vindictively misinformed him because appellant had been acquitted in a prior case in which the prosecutor participated.
>
> According to the certificate of appealability, appellant has authority to appeal only 'matters . . . raised by written motion filed and ruled on before trial[.]' Appellant expressed in a supplement to his motion to suppress that the prosecutor told him a sentence reduction under section 12.44(a) was not available, despite the fact that [his co-defendant] received a reduction. Nevertheless, appellant did not make any argument relative to prosecutorial vindictiveness or due process in his motion, and the trial court never ruled on any such issues. Accordingly, we lack jurisdiction to consider appellant's third issue.

*St. Julian*, at *3 (citations omitted).

The law is well settled that a state prisoner must exhaust all available state court remedies before he can obtain federal habeas relief unless circumstances exist which render the state corrective process ineffective to protect the prisoner's rights. 28 U.S.C. §§ 2254(b), (c). In order to exhaust, a petitioner must "fairly present" all of his claims to the state court. Further, it is necessary for the claim presented to the federal court to have first been presented to and ruled on by the highest state court, which in Texas is the Texas Court of Criminal Appeals. *Richardson v. Procunier*, 762 F.2d 429 (5th Cir. 1985). Here, petitioner

did not pursue his vindictive prosecution issue in his petition for discretionary review, and did not pursue state habeas relief. Accordingly, the issue has not been exhausted and may be dismissed for this reason.

Because this third, unexhausted ground is the sole cognizable federal habeas claim raised, the petition stands not as a "mixed petition" but rather, as an unexhausted petition. As petitioner has not yet pursued state habeas relief, an avenue for state relief remains available to him . Accordingly, this petition must be DISMISSED for failure to exhaust.

*Conclusion*

Petitioner's first and second habeas grounds are DISMISSED WITH PREJUDICE for failure to state a cognizable federal habeas claim. Respondent's motion to dismiss (Docket Entry No. 10) is GRANTED, and this habeas petition is DISMISSED WITHOUT PREJUDICE for failure to exhaust the sole federal habeas claim raised in the petition. Any and all pending motions are DENIED AS MOOT. A certificate of appealability is DENIED.

Signed at Houston, Texas on March 28, 2012.

_____
Gray H. Miller
United States District Judge